# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Raphael Mendez,                                     Case No. 21-CV-0178 (DSD/ECW)

                Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

Warden Steven Kallis; Ms. Balas, Unit
Team 2, et al., Health Services;
Unknowns, et al.; and United States of
America,

                Defendants.

Plaintiff Raphael Mendez, a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), alleges that he was exposed to COVID-19 and became infected, though he remained largely asymptomatic.  Mendez claims that officials at FMC-Rochester are now attempting intentionally to re-expose him to COVID-19, and he asks that he be transferred away from FMC-Rochester.  Mendez did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status.  (*See* Dkt. 4.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Mendez qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether

a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mendez does not specify the legal theory on which he seeks relief in this matter, but the most natural interpretation of the complaint is that Mendez believes that the conditions of his confinement are constitutionally deficient and that he therefore seeks relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). If so, several obstacles stand in Mendez's way. First, Mendez seeks only prospective injunctive relief, but — as has been explained to Mendez before — it is doubtful that a litigant may seek injunctive relief under *Bivens*. *See Mendez v. Kallis*, No. 20-CV-0924 (ECT/ECW), 2020 WL 2572524, at *2 (D. Minn. May 21, 2020) ("An even more fundamental problem with construing Mendez's filings as a *Bivens* action, though, is that Mendez seeks only injunctive relief, not damages."); *Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2019 WL 8370790, at *4 (D. Minn. Dec. 10, 2019) ("The Supreme Court has

2

not yet addressed the availability of injunctive relief under *Bivens*, but has consistently emphasized that monetary damages are the proper remedy"), *R.&R. adopted*, 2020 WL 563941 (D. Minn. Feb. 5, 2020).

Second, Mendez's claim appears to be premised on the allegation that officials at FMC-Rochester have failed to protect him from infection with COVID-19 and therefore has violated his constitutional rights.[1]  The Supreme Court has not extended *Bivens* to failure-to-protect claims and has expressed reluctance about extending *Bivens* to new causes of action.  *See Simmons v. Federal Bureau of Prisons*, No. 20-CV-1557 (PJS/LIB), 2021 WL 814845, at *6 (D. Minn. Jan. 27, 2021) (citing, *inter alia*, *Hernandez v. Mesa*, 140 S. Ct. 735 (2020)).  Accordingly, there is reason to doubt that Mendez's substantive claim may be presented under *Bivens* at all.

Third, though, even if Mendez's failure-to-protect claim is encompassed by *Bivens*, Mendez has not pleaded a viable claim with respect to any specific defendant named to this action.  A *Bivens* action may be brought only against the specific person or persons alleged to have committed the wrongdoing; a federal agency (or the United States as an entity) is not an appropriate defendant to a *Bivens* claim.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69-70 (2001) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994)).  Moreover, "[a] civil rights claimant must plead facts showing *each*

---

[1]     This Court does *not* interpret the complaint as alleging that officials at FMC-Rochester were deliberately indifferent to Mendez's medical needs, a cause of action unquestionably encompassed by *Bivens*.  *See Carlson v. Green*, 446 U.S. 14 (1980).  Mendez does not appear to be alleging that he was denied medical care after infection or that the medical care he received was constitutionally deficient.  Instead, Mendez alleges that officials at FMC-Rochester should be doing more to protect him from re-infection.

named *defendant's personal involvement* in alleged constitutional wrongdoing." *Gross v. United States Dep't of Justice*, No. 11-CV-3415 (MJD/SER), 2012 WL 1004862, at *3 (D. Minn. Jan. 31, 2012) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)). Only two of the defendants named in this action — Steven Kallis, the warden of FMC-Rochester; and "Ms. Balas," an officer at that facility — are persons amenable to suit under *Bivens*. And in neither the case of Kallis nor Balas does Mendez allege what those specific individuals did, himself or herself, that amounted to a constitutional violation. Put another way, the complaint is insufficient to put Kallis and Balas on notice of the factual basis of the claims being brought against them, while none of the other defendants are appropriately named to this lawsuit.

For all of these reasons, it is recommended that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The application to proceed *in forma pauperis* of plaintiff Raphael Mendez [Dkt. No. 4] be **DENIED**.

Dated: March 19, 2021                    *s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).