UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-178(DSD/ECW)

Raphael Mendez,

        Plaintiff,

v.                                          **ORDER**

Warden Steven Kallis; Ms. Balas,
Unit Team 2, et al., Health Services;
Unknowns, et al., and United States
of America,

        Defendants.

This matter is before the court upon the objection by pro se plaintiff Raphael Mendez to the March 19, 2021, report and recommendation of Magistrate Judge Elizabeth Cowan Wright (R&R). The magistrate judge recommends that the court dismiss the case for failure to state a claim under 28 U.S.C. § 1983. Mendez timely submitted an objection to the R&R.

Mendez argues that his claim is for deliberate indifference to a serious medical need, rather than a claim under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), as the R&R determined. He contends that defendant FMC Rochester and the individually named defendants were deliberately indifferent to his serious medical needs because they wrongly placed him in a unit with inmates who tested positive for COVID-19 and who displayed symptoms of the virus. Although unclear, Mendez seems to argue one of two things: (1) his test result was a false positive and he became infected

with COVID-19 only after he was placed in a unit with COVID-positive inmates; or (2) his test accurately determined that he had COVID-19, and he became symptomatic only because he was placed in a unit with symptomatic inmates. Either way, Mendez claims that defendants are knowingly spreading the virus among the inmate population. Although he lost his sense of taste and smell for several days after being placed in the unit with symptomatic inmates, he does not claim to have experienced other symptoms or complications from the virus.[1]

The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct.

The court is satisfied that the R&R properly construed Mendez's claim as brought under Bivens, and correctly determined that he failed to state such a claim. Even if the R&R were incorrect in that regard, the court finds that Mendez has also failed to adequately plead a claim for deliberate indifference.

A deliberate-indifference claim "involves both an objective and a subjective component. The plaintiff[ ] must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that

---

[1] In his objection, however, he mentions that he now has an unspecified "respiratory problem." ECF No. 8 ¶ 23.

the prison officials actually knew of but deliberately disregarded those needs." Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). Even assuming that a COVID-19 diagnosis without complications is a serious medical need, Mendez has not alleged either that defendants knew that his test inaccurately stated that he was infected with the virus or that, even if his test was accurate, they knew better than to place him symptomatic inmates. In other words, Mendez has not plausibly alleged that defendant deliberately disregarded his medical needs.  Nor does Mendez plausibly allege that defendants failed to provide him with medical care.

Defendant were justified in relying on the COVID-19 test when they placed him in a unit with other positive inmates.  And the court is aware of no evidence suggesting that placing asymptomatic and symptomatic inmates together will cause the former to develop symptoms when they would otherwise have remained asymptomatic.  In other words, Mendez may well have eventually experienced symptoms even if he had not been placed with symptomatic inmates.

Under these circumstances, Mendez has not properly pleaded a claim against defendants and the R&R correctly concluded that the case should be dismissed.

3

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection to the R&R [ECF No. 8] is overruled;

2. The R&R [ECF No. 5] is adopted in its entirety;

3. The case is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B); and

4. The application to proceed in forma pauperis [ECF No. 4] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 14, 2021

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court